UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
2023 JAN 17 P 2:41

| | |
|---|---|
| ALEX YOUSIF <br><br> Plaintiff, <br><br> v. <br><br> OFFICER PATRICK CARTER HAILEY, <br> in his official and individual capacity, <br><br> Serve: <br> Arlington County Police Dept. <br> 1425 N. Courthouse Road <br> Arlington, VA 22201 <br><br> and <br><br> LIEUTENANT DEAN MATTHEWS, <br> in his official and individual capacity, <br><br> Serve: <br> Arlington County Police Dept. <br> 1425 N. Courthouse Road <br> Arlington, VA 22201 <br><br> Defendants. | CIVIL ACTION NO. 1:23 cv 81 <br><br> JURY TRIAL DEMAND |

## COMPLAINT

COMES NOW the Plaintiff, ALEX YOUSIF ("Mr. Yousif"), by counsel, and alleges as follows:

## INTRODUCTION

1. This case arises out of OFFICER PATRICK CARTER HAILEY ("Ofc. Hailey") and LIEUTENANT DEAN MATTHEW's ("Lt. Matthews") unjust and unlawful seizure of Mr. Yousif's person, and the excessive use of force employed by Ofc. Hailey and Lt. Matthews to

effect said seizure, without probable cause. This encounter, which left Mr. Yousif with significant damage to his right and left wrists and nerves, did not result in his formal arrest, nor was Mr. Yousif charged with any crime.

## NATURE OF ACTION

2. This is an action for damages under 42 U.S.C. § 1983 ("Section 1983") and Virginia common law for assault, battery, and unlawful seizure against Mr. Yousif's person stemming from Ofc. Hailey and Lt. Matthews' excessive use of force against Mr. Yousif in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Mr. Yousif seeks damages as well as reasonable attorneys' fees under 42 U.S.C. § 1988 ("Section 1988").

## PARTIES, JURISDICTION, AND VENUE

3. Alex Yousif is a citizen of Maryland.

4. Defendants Ofc. Hailey and Lt. Matthews are, and at all times relevant to this Complaint were, working for Arlington County, Virginia, as law enforcement officers and thereby are persons subject to suit under Section 1983.

5. At all times relevant to this complaint, Ofc. Hailey and Lt. Matthews were in uniform and displaying their badges of authority.

6. At all times relevant to this Complaint, Ofc. Hailey and Lt. Matthews were acting under the color of state law.

7. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this action asserts a deprivation of one or more federal constitutional rights under Section 1983.

8. This Court has supplemental jurisdiction over Mr. Yousif's state law claims against Defendants under 28 U.S.C. § 1367(a) because the facts of the federal and state claims both occurred in this judicial district and form part of the same case or controversy.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events described in this action took place within this judicial district.

## FACTS

10. On January 17, 2021, at approximately 10:00 p.m., Mr. Yousif arrived in Arlington, Virginia, following a drive from California.

11. Mr. Yousif planned to spend the evening at a friend's apartment.

12. Mr. Yousif was unable to find parking upon his arrival at his friend's apartment complex and temporarily parked in a publicly accessible parking lot at nearby Taft Towers, located at 1210 North Taft Street in Arlington, while he tried to phone his friend.

13. Tired after the long drive and experiencing sinus pain, Mr. Yousif briefly rested his head in his vehicle while waiting for his friend to get in touch.

14. After a brief period, Ofc. Hailey and Lt. Matthews approached Mr. Yousif's parked car and used flashlights to inspect the contents of his car.

15. Mr. Yousif rolled down his window and explained to Ofc. Hailey that he was staying the night with a friend nearby but had stopped a few moments to rest and wait for his friend to answer the phone.

16. Ofc. Hailey requested Mr. Yousif's identification.

17. Mr. Yousif showed his valid identification card ("ID") to Ofc. Hailey.

18. Even though Mr. Yousif offered a full view of his ID to Ofc. Hailey, Ofc. Hailey became agitated that Mr. Yousif did not physically hand him the card. Ofc. Hailey told Mr. Yousif that if he did not hand over his ID, Ofc. Hailey would pull him out of the vehicle.

19. Mr. Yousif then handed his ID to Ofc. Hailey.

20. Lt. Matthews then told Mr. Yousif to put his hands where the officers could see them and to exit his vehicle.

21. Lt. Matthews accused Mr. Yousif of driving under the influence, which Mr. Yousif denied. He made additional demeaning statements to Mr. Yousif, implying that his ID was fake, threatening to take him to jail, and threatening to call his supervisor.

22. Ofc. Hailey proceeded to perform a pat down search of Mr. Yousif, during which no weapons or contraband were found.

23. Lt. Matthews returned to his patrol vehicle, ostensibly to check Mr. Yousif's ID.

24. Ofc. Hailey remained with Mr. Yousif during this time. Ofc. Hailey instructed Mr. Yousif to place his hands on the trunk of his car and stated he would handcuff Mr. Yousif if he failed to comply.

25. Mr. Yousif, in an attempt to comply with Ofc. Hailey's orders, asked Ofc. Hailey exactly where he would like his hands to be placed.

26. In response, Ofc. Hailey replied, "Okay, that's it. You're being handcuffed," and proceeded to place handcuffs on Mr. Yousif.

27. Ofc. Hailey locked the handcuffs in single-lock position very tightly over Mr. Yousif's wrists.

28. Mr. Yousif remained handcuffed for approximately the next hour. Throughout this time, Mr. Yousif's repeated pleas for the officers to take off the handcuffs were repeatedly rejected.

29. While handcuffed, Ofc. Hailey stated to Mr. Yousif that he will put Mr. Yousif on his knees if Mr. Yousif even tried to look at him.

30. Mr. Yousif requested to use his phone to call his friend with whom he planned to stay the night. The officers told Mr. Yousif to get his phone himself, even though they knew he was not capable of doing so while handcuffed.

31. Mr. Yousif offered to take a breathalyzer test to prove he was not under the influence of alcohol or drugs. A third officer was subsequently called to the scene to administer the breathalyzer.

32. Due to Mr. Yousif's reticence to make contact with the breathalyzer because of COVID-19 concerns, Lt. Matthews requested he take a deep breath and blow into the breathalyzer, which Mr. Yousif promptly did.

33. The breathalyzer did not register any intoxicants in Mr. Yousif's system.

34. At Lt. Matthews' request, the third officer left the scene to go to Mr. Yousif's friend's apartment and see if Mr. Yousif's story could be corroborated.

35. The third officer returned after some time with Mr. Yousif's friend, who verified Mr. Yousif's story and identity.

36. Before Lt. Matthews removed the handcuffs, he asked Mr. Yousif to move his arms about. Mr. Yousif promptly complied. But because of the improper way Mr. Yousif was handcuffed, Lt.Matthews' order for Mr. Yousif to move his arms about while still handcuffed caused even more damage to Mr. Yousif's wrists and nerves.

5

37. The officers released Mr. Yousif into the custody of his friend.

38. Even though Mr. Yousif did not test positive for any intoxicants on the breathalyzer, was not under the influence of any drugs or alcohol, and Mr. Yousif's friend corroborated the information provided by Mr. Yousif, the officers did not allow him to drive his car away from the scene. Lt. Matthews stated he would arrest Mr. Yousif for driving under the influence of drugs or alcohol if he attempted to drive his vehicle.

39. Mr. Yousif's friend drove Mr. Yousif to his apartment, ending the police encounter.

40. Subsequent to the encounter, Mr. Yousif continued to have pain in his wrists after the tight handcuffing.

41. On February 4, 2021, Mr. Yousif saw his medical provider to discuss his nerve and wrist pain. At that appointment, Mr. Yousif was diagnosed with neuralgia and neuritis. He was encouraged to rest his wrists and seek further medical attention if the problem persisted.

42. Mr. Yousif continued to experience excruciating pain in his wrists. The pain made it difficult for Mr. Yousif to sleep and impacted his ability to enjoy his usual activities, including his ability to work. Furthermore, Mr. Yousif developed an under-the-skin lump on his left wrist as a result of the handcuffing, a lump which was and still is to the present day visible to the naked eye.

43. On June 28, 2021, Mr. Yousif went to a local urgent care facility for an in-person evaluation. The physician ordered some lab work and encouraged Mr. Yousif to follow up with a primary care physician.

44. Mr. Yousif saw his primary care physician on or about August 3, 2021. This physician ordered a nerve conduction study of Mr. Yousif's right wrist and an MRI of Mr. Yousif's left wrist.

45. The nerve conduction performed on or about August 10, 2021 revealed abnormalities and carpal tunnel syndrome.

46. The MRI of Mr. Yousif's left wrist conducted on or about August 15, 2021 revealed a partial thickness tear of his dorsal scapholunate ligament.

47. During a follow-up appointment on or about August 26, 2021, Mr. Yousif's primary care physician referred Mr. Yousif to see an orthopedic surgeon.

48. On September 20, 2021, Mr. Yousif elected to see a neurologist. The neurologist did not recommend surgery due to riskiness of the procedure and advised Mr. Yousif to see if the pain would resolve over time.

49. Mr. Yousif continues to be in pain due to the injuries inflicted upon him by the excessive force used by Ofc. Hailey and Lt. Matthews.

**COUNT I**
**Civil Rights Violation of 42 U.S.C. § 1983: Fourth Amendment**
**Unreasonable Search and Seizure**
*Against Both Defendants*

50. The preceding paragraphs are incorporated by reference as if fully re-stated herein.

51. At all material times, Ofc. Hailey and Lt. Matthews were acting under color of state or local law.

52. Mr. Yousif was engaging in entirely legal conduct at the time he was approached by Ofc. Hailey and Lt. Matthews. The officers did not witness Mr. Yousif engage in any illegal behavior. They had no probable cause to effectuate a seizure of Mr. Yousif's person.

53. The officers did not place Mr. Yousif in handcuffs until after they had performed a pat down, which revealed that Mr. Yousif was not in possession of any weapons. As such, the officers had no reasonable basis for placing Mr. Yousif in handcuffs.

54. Once Mr. Yousif submitted to the breathalyzer, the officers could no longer reasonably harbor any suspicion that Mr. Yousif was committing a crime. Continuing to detain Mr. Yousif after the he voluntarily took the breathalyzer test was unreasonable.

55. By their actions, Ofc. Hailey and Lt. Matthews deprived Mr. Yousif of the established right to be free from unreasonable search and seizure, in violation of his rights under Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

56. A reasonable officer in the positions of Ofc. Hailey and Lt. Matthews with an understanding of the same limited facts known to them would not have believed probable cause existed to effectuate the seizure of Mr. Yousif's person.

57. As the direct and proximate cause of Ofc. Hailey and Lt. Matthews' actions, Mr. Yousif experienced a loss of freedom, physical harm, and suffered mental and emotional distress.

58. Mr. Yousif is entitled to declaratory and monetary relief, including compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT II
## Civil Rights Violation of 42 U.S.C. § 1983: Fourth Amendment
## Excessive Force
### *Against Both Defendants*

59. The preceding paragraphs are incorporated by reference as if fully re-stated herein.

60. At all material times, Ofc. Hailey and Lt. Matthews were acting under color of state or local law.

61. Mr. Yousif was cooperative with Ofc. Hailey and Lt. Matthews' requests and never attempted to resist or fight back against the officers.

62. The pat down of Mr. Yousif did not reveal any weapons on his person, nor did Ofc. Hailey or Lt. Matthews discover any weapons in Mr. Yousif's car when they searched it with flashlights. As such, Mr. Yousif did not pose a level of danger to the officers which required him to be handcuffed.

63. The handcuffs as used were unreasonably tight in a manner which can only have been intended to harm Mr. Yousif.

64. By their actions, Ofc. Hailey and Lt. Matthews deprived Mr. Yousif of the established right to be free from unreasonable search and seizure through excessive use of force, in violation of his rights under Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

65. As the direct and proximate cause of Ofc. Hailey and Lt. Matthews' actions, Mr. Yousif suffered physical and mental injuries, including pain and suffering.

66. Ofc. Hailey and Lt. Matthews' decision to handcuff Mr. Yousif while he was cooperating with the officers and to use excessive physical force to restrain him was retaliatory, reckless, wanton, and punitive, engendering a claim for punitive damages.

9

67. Ofc. Hailey and Lt. Matthews' actions resulted in physical injuries to Mr. Yousif's wrists, as well as significant emotional and psychological stress.

68. Mr. Yousif is entitled to declaratory and monetary relief, including compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT III
## Common Law False Arrest

69. The preceding paragraphs are incorporated by reference as if fully re-stated herein.

70. Mr. Yousif was engaging in entirely legal conduct at the time he was approached by Ofc. Hailey and Lt. Matthews. The officers did not witness Mr. Yousif engage in any illegal behavior. They had no probable cause to effectuate a seizure of Mr. Yousif's person.

71. Once Mr. Yousif submitted to the breathalyzer, the officers could no longer reasonably harbor any suspicion that Mr. Yousif was committing a crime.

72. As a direct and proximate cause of the actions taken by Ofc. Hailey and Lt. Matthews, Mr. Yousif was arrested and suffered an intentional restriction on his freedom of movement.

73. Because of the actions of Ofc. Hailey and Lt. Matthews, Mr. Yousif suffered injuries, including physical injuries as described *supra*, emotional pain and suffering, embarrassment, humiliation, and mental distress at having been arrested for no reason.

74. Plaintiff is entitled to declaratory and monetary relief, including compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT III
### Common Law Battery

75. The preceding paragraphs are incorporated by reference as if fully re-stated herein.

76. Ofc. Hailey and Lt. Matthews made harmful and offensive physical contact with Mr. Yousif without Mr. Yousif's privilege or consent.

77. Defendants' actions against Mr. Yousif were taken in effectuation of an unlawful arrest and his use of force was unreasonable under the circumstances.

78. At no time did Mr. Yousif consent to Defendants' unlawful or unreasonable physical contact.

79. Defendants' actions have caused Mr. Yousif physical harm, pain, suffering, emotional distress, fear, and humiliation.

80. Defendants' decision to arrest Mr. Yousif was reckless, wanton, and punitive, engendering a claim for punitive damages.

81. Mr. Yousif is entitled to declaratory and monetary relief, including compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT IV
### Common Law Assault

82. The allegations in the foregoing paragraphs are incorporated as if realleged herein.

83. Additionally, or in the alternative, in doing the acts alleged above, Defendants acted with the intent to place Mr. Yousif in apprehension of imminent harmful and offensive bodily contact without legal justification to do so.

84. Defendants' actions against Mr. Yousif were taken in effectuation of an unlawful arrest and his use of force was unreasonable under the circumstances.

85. At no time did Mr. Yousif consent to any of Defendants' unlawful or inappropriate acts.

86. Defendants' actions have caused Mr. Yousif physical harm, pain, suffering, emotional distress, fear, and humiliation.

87. Defendants' decision to arrest Mr. Yousif was reckless, wanton, and punitive, engendering a claim for punitive damages.

88. Plaintiff is entitled to declaratory and monetary relief, including compensatory damages, punitive damages, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, ALEX YOUSIF, requests that this Court enter judgment in his favor, and against Defendants OFFICER PATRICK CARTER HAILEY and LIEUTENANT DEAN WILLIAMS, on all Counts and further:

(a) Award compensatory damages to Plaintiff, plus past and future pecuniary damages on each of the above-stated Counts in an amount that can only be determined in discovery; and in addition

(b) Award Plaintiff punitive damages as to each of his respective Counts in amounts to be determined at trial; and in addition

(c) Award attorneys' fees, costs, and expenses incurred by Plaintiff in this action pursuant to statute; and in addition

(d) Award any further relief this Court deems just and appropriate under the circumstances.

## JURY DEMAND

**PLAINTIFF ALEX YOUSIF DEMANDS A TRIAL BY JURY.**

Dated: January 17, 2023          Respectfully,

*Alex Yousif*